## Chicago Economic Fuel Gas Company v. John Myers.

1. PERSONAL INJURIES—*Inquiry as to Owner and Contractor—Liability.*—Although the owner may make a contract which in form gives to the contractor entire control over the work, still the circumstances surrounding the transaction may be inquired into for the purpose of determining if the owner had actually surrendered all control and did not exercise any discretion.

**Trespass on the Case,** for personal injuries. Appeal from the Superior

Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1896.  Affirmed.  Opinion filed May 14, 1896.

WILLIAM B. KEEP, attorney for appellant.

JAMES MAHER, attorney for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover for personal injuries said to have been received by appellee through the negligence of appellant.

That appellee was severely burned while working at the laying of gas mains, which were being placed in the streets of Chicago for appellant, was undisputed.

That appellee believed that he was, when injured, working for appellant, is evident, and that he had good reason to so think, is apparent.

Appellee was injured either through the negligence of appellant or of a certain construction company engaged by it to lay gas mains in Chicago.  The president of the appellant company was the chief engineer of the construction company; the two companies were closely related; their offices were in the same building.  The president of one, who was the chief engineer of the other, testified that he was unable to tell in which capacity he ordered the gas turned into the main leading to the North Division of the city, in which the accident occurred.

Several persons working with appellee when he was injured, testified that they understood that they were working for appellant; that they were so told by their foreman. The president of appellant seems to have been, to some extent, overseeing the laying of these mains, and to have, in some instances, given orders to workmen.  That appellant had, in the doing of this work, so completely turned it over to the construction company that it alone was in possession and control of the mains and solely responsible for neg-

ligence in the work of putting them down, we do not think was shown. Gas was passing through the mains; the construction company had, so far as appears, no use for this gas; it would seem, therefore, that appellant was in possession of the mains and making use of them.

By themselves the mains were not unsafe, but the passage of gas through them, while appellee and others were working at them, was fraught with danger.

We do not think it was necessary that appellee should have alleged in his declaration that he was, when injured, in the employment of appellant. Such allegation would not have increased the measure of diligence required of either appellant or appellee.

The declaration was upon its face sufficient, and was not vitiated by the evidence that appellee was injured through the negligence of appellant while working for it.

It may be that it was the gas of another company which ignited and injured appellee, but the president of appellant, four days prior to the injury, ordered its gas turned into the mains upon which appellee worked; such president seems to have known that the mains were filled with gas; unusual care was therefore required. Appellee was ordered to a dangerous place; the immediate order was given by a person who is said to have been an employe of the construction company only. Whomever the foreman who ordered appellee to the place in which he was burned was actually employed by, apparently he was working for the company that owned the mains, for whose benefit they were being laid, whose gas was passing through them, and whose president was chief engineer of the work.

Appellant was entitled to have the jury instructed as to the law in reference to the exemption of owners from liability for the negligence of contractors, to whom has been given entire control of the manner and mode of performance of work by them being done.

While we do not entirely approve of the instructions given upon this subject, yet we do not think that appellant was entitled to have the instructions it asked given without

modification.   Although the owner may make a contract which in form gives to the contractor entire control over the work, still the circumstances surrounding the transaction may be inquired into, that the court may see if the owner actually had surrendered all control and did not exercise any direction.  Thompson on Negligence, Vol. 2, p. 907; Pickard v. Smith, 4 Law Times N. S. 470.

The accident under consideration would not have happened had gas not been turned into the pipes.  Appellant should have known—did know—that the pipes were full of gas; and so knowing, the president of appellant can not be so separated from the chief engineer of the construction company as to absolve appellant from liability for the negligence of what a servant of one did in obedience to directions of him who was the agent of each.

The damages seem large, but are not so excessive as to shock our sense of right, or clearly indicate passion or prejudice.   The amount has the sanction of the trial judge, and we do not feel warranted in reversing his conclusion.

The judgment of the Superior Court is affirmed.